### FISHER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. STREET RAILROADS—COLLISION—INJURIES—EVIDENCE—COMPETENCY.

In an action against a street railroad for injuries to plaintiff's horse caused by a collision with a car, one who purchased the horse after the accident testified to bruises which in his opinion lessened the animal's value. The bruises were not shown to be due to the accident, and the veterinary surgeon called for plaintiff testified that the injuries would not have probably endured in such a way as to cause the condition testified to by the purchaser of the animal. *Held* error not to strike out the purchaser's testimony.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Charles E. Fisher against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Arthur E. Kaulfuss, for respondent.

BISCHOFF, J. This judgment must be reversed for error in the admission of, and the refusal subsequently to strike out, certain evidence.

Damages were claimed for injury to the plaintiff's horse and wagon occasioned by a collision with one of the defendant's street cars in the month of April, 1902; and, as part of his proof of damages, plaintiff called one Henry Bryan, Jr., who purchased the horse in the August succeeding the accident, which was the first time the witness had seen the animal. Over the defendant's objection that the testimony was not connected with the accident in suit, this witness gave evidence as to the condition of the horse at the time of the purchase by him, and testified to certain bruises which lessened the animal's value, in his opinion, and which, as a matter of fact, had not been shown at the time when the evidence was offered to have been due to the accident, which happened some three months before. The plaintiff, at the time when this evidence was offered, promised to connect it, and it may be that it was properly within the court's discretion to receive the proof at that time, subject to a motion to strike out; but thereafter the injuries were not shown to have been due to the accident, and the veterinary surgeon called for the plaintiff testified, in effect, that the injuries then occasioned would not have probably endured

in such a way as to cause the condition testified to by the purchaser of the animal. With the record in this condition, defendant moved to strike out the evidence as to the condition of the horse in August, and the exception taken to the court's denial of that motion clearly presents prejudicial error.

The judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.